**Dated: June 3, 2021**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | Case No.  15-12215-JDL |
| | ) | Chapter 7 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| SE Property Holdings, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No.  16-1087-JDL |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING MOTIONS TO QUASH SUBPOENAS

### I. Introduction

Three children of the Debtors, Neal Stewart, Thad Stewart and Jena Stewart-Rush (collectively referred to as the "Stewart Children"), non-parties in this adversary proceeding, have moved to quash subpoenas issued to them by the Plaintiff on the basis that (1) the Plaintiff did not give proper notice of the issuance of the subpoenas to the

Defendants/Debtors, (2) the subpoenas are unduly burdensome because they request private financial information for years prior to the commencement of Plaintiff's action, and (3) the information and documents sought by the subpoenas are readily available from other sources.  The Stewart Children also seek sanctions against the Plaintiff for the undue burden which the subpoenas have imposed upon them.   On June 3, 2021 the Court conducted a hearing on the Stewart Childrens' *Non-Parties' Motion to Quash Amended Subpoenas* [Doc.106] and Plaintiff *SEPH's Response to Non-Parties' Motion to Quash Amended Subpoenas* [Doc. 113].   Based on the record before the Court and the arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed.R.Bankr.P. 7052 and 9014.

## II. Background

This adversary now stands ready for trial on the Plaintiff's claims asserted in its Second *Amended Complaint Objecting to Discharge* filed on January 12, 2021, which objects to a discharge for Debtors David A. Stewart and Terry P. Stewart (either individually or collectively, the "Debtors") under several subsections of Bankruptcy Code § 727(a) and, alternatively, in the event the Court grants a discharge to Debtor David Stewart, that his debt to SEPH be excepted from discharge under § 523(a)(2)(A).   For purposes relevant to the Motion to Quash currently before the Court, SEPH's Second Amended Complaint asserts § 727(a)(2) claims that the Debtors "with the intent to hinder, delay, or defraud a creditor or an officer of the estate...has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, or concealed" property rightfully belonging to SEPH or the Debtors' bankruptcy estates to various individuals and

2

entities associated with other members of the Debtors' family.  Specifically, with regard to the Movants' Motion to Quash, SEPH has alleged that on or about October 31, 2011, Debtors transferred 98% of their membership interest in Oklamiss Investments, LLC ("Oklamiss") to their three children without consideration and for the purpose of placing Debtors' assets beyond the reach of SEPH and other creditors. [Doc. 76, ¶ ¶ 19 & 20].  In short, SEPH claims that the transactions involving the Stewart Children were fraudulent transfers.

There has been evidence produced in the case indicating that while the Debtors facially transferred their interest in Oklamiss on October 31, 2011, with an effective date of January 1, 2012, they continued to represent to creditors as late as December 31, 2012, that they held a 100% ownership interest in Oklamiss, and they filed 2012 and 2013 tax returns claiming Oklamiss losses.  Oklamiss' tax returns for 2013, prepared in 2014, continued to reflect the Debtors' 100% ownership of Oklamiss.  Debtors' children signed documents agreeing that "all losses of profits attributable to Oklamiss...will be applied to the Debtors'...tax returns."  There has been deposition testimony that at least one of the children did not even know of the transfer of the Oklamiss membership interest to her until sometime in 2013.

### III. The Subpoenas

SEPH initially issued subpoenas to the Stewart Children on March 26, 2021(the "Original Subpoenas"), notice and copies of which SEPH emailed to the Debtors' counsel on April 1, 2021.[1]  On the same day, counsel for the Debtors emailed SEPH's counsel that

---

[1]The *Notices of Subpoena to Produce and Permit Inspection and Copying of Documents* with attached Subpoenas was also sent to Debtors' counsel using the ECF System for filing on March 26, 2021. [Doc. 96, 98 & 99].

he was "authorized to accept service of the recent subpoenas to Stewarts' children. To be sure I get all, will you please email to me. No reason to use process server unless you feel necessary." [Doc.113-1, pg. 2 of 31]. The Original Subpoenas sought the following documents in the Stewart Children's possession:

> 1. All documents that constitute, refer, reflect, or relate to federal and state tax returns for tax years 2010 to present, including, but not limited to, the returns themselves, accompanying schedules and worksheets, and communications relating to the returns.

> 2. All documents that constitute, refer, reflect, or relate to the federal estate tax returns for any entity which you hold any direct or indirect interest for tax years 2010 to present, including, but not limited to, the returns themselves, accompanying schedules and worksheets, and communications relating to the same.

> 3. All documents that refer, reflect, or relate to your purported receipt and/or ownership or any interest in Oklamiss.

[Doc. 113-1, pg.17 of 31]. The response time set in the Original Subpoenas was April 16, 2021.

Counsel for SEPH was then contacted by separate counsel representing the Stewart Children who objected to the subpoenas. While not clear from the record as to the exact discussions between counsel that were had, the record does reflect that as a result of those discussions SEPH's counsel agreed to issue "narrowed subpoenas," and that the Stewart Children need not respond to the Original Subpoenas by the April 16 deadline. [Doc. 113-2, pg. 3 of 4]. On April 14, 2021, SEPH's attorney issued Amended Subpoenas directed to the Stewart Children and emailed them to the Children's attorney. [Doc. 113-2,

4

pg. 3 of 4].[2]  The Amended Subpoenas, presently before this Court on the Motions to Quash, sought the following documents from each of the Stewart Children:

> 1.  Your federal and state tax returns for the tax year 2010 to 2014.
>
> 2.  All documents that refer, reflect, or relate to your purported receipt of any interests in Oklamiss.

[Doc.106-1, pg. 7].  The Amended Subpoenas set the date for production of documents by April 29, 2021.

## IV. Applicable Law

### A.  Does the Requested Production Impose an Undue Burden on the Stewart Children When The Documents Could Be Obtained From Other Parties

A party moving to quash a subpoena on the grounds of undue burden pursuant to Fed.R.Civ.P. 45(d)(3)(A)(iv) bears the burden of proof.  *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (citing *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998) (*Linder* holding that burden "of proving that subpoena is oppressive is on the party moving to quash"); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D. N.Y. 1996) (holding that "the burden of persuasion in a motion to quash a subpoena... is borne by the movant").

Fed.R.Civ.P. 45 governs subpoenas and motions to quash.  Subsections 45(d)(3)(A)(i)-(iv) requires the court to quash or modify a subpoena that (1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in Rule 45(c); (3) requires disclosure of privileged or other protected matter, if no

---

[2] The Amended Subpoenas were transmitted to Debtors' counsel on April 14, 2021 pursuant to the ECF filing system.

exception or waiver applies; or (4) subjects a person to undue burden.  The only one of those four factors which could possibly apply, and which the Stewart Children argue, is that the subpoenas imposes upon them an "undue burden."  Furthermore, Rule 45(d) is entitled "Protecting a Person Subject to a Subpoena."  Subsection (d)(1) provides that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue *burden or expense on a person subject to the subpoena*." (Emphasis added).

The Court recognizes that compliance with a subpoena will inevitably involve some measure of burden to the subpoenaed non-party.  "It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subject to undue burden or significant expense merely by virtue of having received a subpoena."  *Taylor v. Grisham*, 2020 WL 3172708 (D. N.M. 2020).  Whether a subpoena imposes an "undue" burden upon a non-party is a case-specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Travelers Indemnity Co. v. Metropolitan Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005*) (*quoting *U.S. v. International Business Machines Corp.,* 83 F.R.D. 97, 104 (S.D. N.Y. 1979); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw, Inc.,* 211 F.R.D. 658, 662 (D. Kan. 2003).  The determination requires a court to balance the interests served by demanding compliance with a subpoena against the interests furthered by quashing it. "The status of a person as a non-party is a factor that weighs against disclosure."  *Id.* at 663.  "However, the court will not excuse compliance simply

because the non-party asserts it is unduly burdensome." *Ensminger v. Credit Law Center, LLC,* 2020 WL 409730 (D. Kan. 2020).  The subpoenaed party must show compliance would seriously disrupt its normal business operations. *Id.* "Determination of issues of 'undue burden' are committed to the discretion of the trial court." *Johnson v. Bryco Arms*, 226 F.R.D. 441, 444 (E.D. N.Y. 2005).

Here, there is no question as to the relevancy of the information sought, and the Stewart children do not even make that argument.  Tax returns and the Oklamiss assignment information sought from them is extremely relevant to the question of if and when the Stewart Children actually received an interest in Oklamiss.  This goes to the very heart of the fraudulent transfer and concealment of assets allegations made by SEPH. The time period sought for the tax returns is five years, 2010 to 2014, the years bracketing the alleged Oklamiss transfer made by the Debtors effective January 1, 2012.   The Amended Subpoenas reduced the time period of the tax returns from 10 years to 5 years, and reduced the request for documents relating to Stewart Children's "interest in any entities" to just any interest in Oklamiss.  The Court finds the request for the documents to be narrow, targeted in scope, and capable of being produced without an undue burden to the Stewart Children.  It is the Court's opinion that production of six documents spanning 5 tax years does not constitute an "undue burden."

It is well-established that the scope of discovery under a subpoena is the same as the scope of discovery under Fed.R.Civ.P. 26(b) and Rule 34. See, *Ensminger v. Credit Law Center, LLC,* 2020 WL 409730 (D. Kan. 2020).  Under Rule 26(b), the scope of discovery must be "proportional to the needs of the case, considering the importance of

the issues at stake in the action, the amount in controversy, *the parties' relative access to relevant information*, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." (Emphasis the Court's).

The Stewart Children assert that the information which the subpoenas seek from them regarding Oklamiss would be more appropriately requested (or already obtained) from another party. [Doc. 106].  They point out any information, including conveyances or assignments, of Oklamiss has been or can be obtained from it or the Debtors.  The Court does not find this argument persuasive.  The Court has not been made aware that any information obtained from Oklamiss, the Debtors or other sources contains the same information as is sought from the Stewart Children, particularly their personal tax information showing how or if they ever treated any interest in Oklamiss conveyed to them. As SEPH points out in its Response to the Motion to Quash, the Trustee does not have the Stewart Children's tax records; there have been substantial questions raised as to the accuracy and compliance with corporate formalities of the Debtors' affiliates, including Oklamiss; and even if records pertaining to the transfer of any interest in Oklamiss were obtainable, they wouldn't necessarily show *when* the Stewart Children became aware that such interest had been transferred to the them.  Under the circumstances, the Stewart Children cannot successfully argue that SEPH should look elsewhere for the six documents which they have in their possession.

**B.  Does the Failure of SEPH to Give Notice of the Issuance of the
Subpoena to the Parties to the Litigation Constitute Grounds for
Quashing the Amended Subpoena to the Non-Party Stewart Children**

The Stewart Children contend that the Amended Subpoenas were improperly
served because they were issued without notice to the Defendants as required by Rule
45(a)(4).  That Rule entitled, "Notice to Other Parties Before Service," states that "[i]f the
subpoena commands the production of documents, electronically stored information, or
tangible things...then before it is served on the person to whom it is directed, a notice and
a copy of the subpoena must be served on each party."  The 1991 Advisory Committee
Notes to Rule 45, which added the notice requirements to Rule 45, "indicate that the
purpose of the notice requirement is to *provide opposing parties* an opportunity to object
to the subpoena."  *Butler v. Biocore Medical Technologies, Inc*., 348 F.3d 1163, 1173 (10th
Cir. 2003) (Emphasis added).  As stated in *Rittgers v. Hale,* 2018 WL 338218 *3 (D. Kan.
2018):

> It is clear from the language of the Rule that it is intended to
> **require notice to parties to the lawsuit for subpoenas
> served on third party, not notice to third party recipients
> of a subpoena**. In the present situation, Plaintiff has not
> objected to the lack of notice. Movants, as third-party
> recipients of the subpoenas at issue, do not have standing to
> raise this objection.  As such, the Court finds that there was no
> violation of Rule 45(a)(4).  Movants' objection regarding notice
> is overruled.

(Emphasis in original). See also, *S.E.C.v. American Pension Services Inc*., 2014 WL
5513717 *3 (D. Utah 2014) ("any claim of a failure to provide notice is an objection
available to a party to the case and not to a non-party who was subpoenaed").  The
Debtors/Defendants have not objected to the subpoenas issued to the Stewart Children,

nor under the circumstances could they.

First, "the general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo.1997); *Johnson v. Gmeinder*, 191 F.R.D. 638, 639 n. 2 (D. Kan. 2000); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (a party does not have standing to a quash subpoena served on a third party unless the party seeks to quash based on a personal right or privilege relating to the discovery being sought).  Here, the Debtors have no privilege or special interest in the tax returns or a copy of any assignment regarding the Oklamiss transfer in possession of the Stewart Children.

Second, SEPH filed notice of the Original Subpoenas on March 26, 2021, setting the time for production of documents for April 16, 2021.  Debtors' counsel agreed to accept service of the Original Subpoenas on behalf of the Stewart Children. [Doc. 113].  On April 14, 2021, when SEPH's counsel learned that the Stewart Children had obtained separate counsel, it issued the Amended Subpoenas substantially narrowing the scope of the document production that the Original Subpoenas had sought.  As the Amended Subpoenas sought the same six documents as were noticed in the Original Subpoenas there would be absolutely no prejudice to the Debtors/Parties (who were making no objection anyway).

Based on the above,

**IT IS ORDERED** that the *Non–Parties' Motion to Quash Amended Subpoenas* [Doc. 106] is hereby **DENIED.**

**IT IS FURTHER ORDERED** that said third-parties, Neal Stewart, Thad Stewart and

Jena Stewart-Rush are to comply with the Amended Subpoenas and to produce the documents covered thereby to the Plaintiff on or before June 14, 2021.

# # #