**Dated: August 3, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | Case No. 15-12215-JDL |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| SE Property Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 16-1087-JDL |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON MOTION TO STRIKE EXPERT REPORT AND MOTION FOR LEAVE TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD

**Introduction**

Debtors have moved the Court for an order striking the appraisal of jewelry made by Plaintiff's expert witness submitted by Plaintiff in support of both its motion for partial summary judgment and in opposition to the Debtors' motions for summary judgment.

Debtors argue that the appraisal was not authenticated by an affidavit or sworn testimony so that the appraisal constitutes inadmissible hearsay evidence which cannot be considered on the pending cross-motions for summary judgment. Before the Court for consideration are:

    1. *Defendant Terry P. Stewart's Motion to Strike Plaintiff's Exhibit 1 to Plaintiff's Reply to Terry Stewart's Response to Motion for Partial Summary Judgment* ("*Motion to Strike*"). [Doc. 168];

    2. *SEPH's Response to Defendant Terry P. Stewart's Motion to Strike Plaintiff's Exhibit 1 to Plaintiff's Reply to Terry Stewart's Response to Motion for Partial Summary Judgment.* [Doc. 175];

    3. *SEPH's Motion for Leave to Supplement the Summary Judgment Record.* [Doc. 177]; and

    4. *Defendants David A. Stewart and Terry P. Stewart's Response and Objection to SEPH's Motion for Leave to Supplement the Summary Judgment Record.* [Doc. 178].

**Background**

One of the myriad issues, though an important one, in this case has been whether the Debtors provided false testimony in their Schedules and depositions as to the amount and value of their jewelry so as to bar their discharge under 11 U.S.C. § 727(a)(4).[1] In their defense, Debtors have been relying, in part, upon the appraisal of the jewelry by their expert, Kannard Jewelers. SE Property Holdings, LLC ("SEPH") had retained an expert, but he was unwilling to examine the jewelry with Mr. Stewart present, and Mr. Stewart refused to allow the expert to examine the jewelry without him being present. After several requests for Debtors to permit an inspection of the jewelry, on April 30, 2021, SEPH filed

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

a motion to compel the same. [Doc. 108]. At the hearing on the motion to compel held on June 3, 2021, the parties agreed for SEPH's new expert to examine the jewelry with Mr. Stewart present on June 24, 2021. [Doc. 191, pgs. 31-35, 46-47, 49-50].

Prior to the jewelry examination, on May 28, 2021, both SEPH and the Debtors filed their respective motions for summary judgment. On June 11, 2021, all the parties filed their responses to the opposing party's motion for summary judgment. The examination of the jewelry by SEPH's expert took place on June 24, 2021. The following day, SEPH filed its application to file Exhibit 1 (the expert's appraisal) to Plaintiff's response under seal. [Doc. 155]. Three days later, on June 28, 2021, SEPH withdrew its application to file the expert report under seal and filed *Seph's Amended Reply to Terry Stewart's Response to SEPH's Motion for Partial Summary Judgment* ("*Amended Reply*") [Doc. 164], to which it attached the jewelry appraisal by its expert witness, J. Miles Dowd (the "Dowd Report"). [Doc. 164-1].

Debtor Terry Stewart filed her *Motion to Strike* the Dowd Report because it was unauthenticated, not accompanied by an affidavit and thus inadmissible hearsay which could not be considered by the Court in ruling upon the § 727(a)(4) false oath issues in both SEPH's and the Debtors' motions for summary judgment. SEPH responded to the *Motion to Strike* by arguing that summary judgment law did not require it to have the expert's appraisal supported by an affidavit. Three days after filing its *Amended Reply*, SEPH "hedged its bets" by filing *Seph's Motion for Leave to Supplement the Summary Judgment Record* [Doc. 177], by which it attached an Affidavit executed by its expert, J. Miles Dowd, attesting to his preparation of the appraisal. [Doc. 177-1].

3

**Discussion**

To support her *Motion to Strike*, Terry Stewart cites the long-existing rule of law that "only admissible evidence may be considered by a court with a motion for summary judgment," and therefore, unauthenticated documents were inappropriate for consideration. *See, e.g.*, *Gross v. Burggraf Construction Co.,* 53 F.3d 1531, 1541 (10th Cir. 1995). More precisely, the issue presented by the present case is whether the court can consider an "unsworn" expert report at the summary judgment stage. Many cases have answered the question in the negative. *See, e.g.*, *Rainforest Café, Inc. v. Amazon, Inc.,* 86 F.Supp.2d 886, 904 (D. Minn. 1999) (While it might be true the courts routinely consider expert reports when deciding motions for summary judgment, courts do not do so where the reports are "unsworn or unverified."); *Provident Life and Accident Insurance Co. v. Goel*, 274 F.3d 984, 1000 (5th Cir. 2001) ("Unsworn expert reports... do not qualify as affidavits or otherwise admissible evidence for [the] purpose of Rule 56, and may be disregarded by the court when ruling on a motion for summary judgment.") (quoting 11 Moore, *Moore's Federal Practice,*¶ 56.14[2][c] (3rd ed. 1997)); *United States v. One TRW, Model M14, 7.62 Caliber Rifle,* 441 F.3d 416, 426 (6th Cir. 2006); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n. 26 (11th Cir. 2003) (an unsworn expert report cannot be considered on summary judgment). Unfortunately for the Debtors, that is no longer the majority view of the law.[2]

---

[2] Counsel for Terry Stewart points out that this Court, in fact in this bankruptcy case, has held that "[i]t is well settled that unauthenticated documents cannot be considered on a motion for summary judgment. In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed. R. Civ. P. 56(e)]." *In re Stewart,* 2017 WL 5565227 (Bankr. W.D. Okla. 2017)(quoting *In re Harris*, 209 B.R. 990, 996 (10th Cir. BAP 1997). As will be discussed, in the present case and henceforth, the Court elects to follow the majority line of cases recognizing the changes brought about by the 2010 amendments to Rule 56.

As stated by the cases above, prior to its amendment in 2010, Rule 56 of the Fed. R. Civ. P. required that a sworn or certified copy of any document referred to in an affidavit be attached to the affidavit. It was generally recognized an exhibit could be used on a summary judgment motion only if it were properly made part of an affidavit. Further, to be admissible, documents had to be authenticated by an attached affidavit that met the requirements of Rule 56, and the affiant had to be a person through whom the exhibit could be admitted into evidence.

Rule 56(c)(4) states that, when supporting a factual position for summary judgment purposes "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." After the 2010 revisions to the Rule, parties are no longer required to prepare a formal affidavit, as 28 U.S.C. § 1746 "allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit." Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 amendment. The 2010 amendments to Rule 56 have been summarized by Wright and Miller, *Federal Practice and Procedure,* § 2722 as follows:

> However, when the rule was amended in 2010, the rulemakers omitted these specific requirements, and simply added to the list of appropriate materials "documents." As explained in the Committee Notes, the requirements were viewed "as unnecessary given the requirement in subdivision (c)(1)(A) that a statement of disputed fact be supported by materials in the record." Thus, although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible, the material may be presented in the form that would not, in itself be admissible at trial. Under the amended rule, however, a party desiring to use a

> document must cite to the particular part of the document that supports its assertions.
>
> ****
>
> It is also worth noting that although affidavits remain an available type of summary-judgment evidence, a formal affidavit no longer is required. Section 1746 of Title 28 specifically authorizes a written "unsworn declaration, certificate, verification, or statement" signed by the person under penalty of perjury to substitute for an affidavit. Thus, all these changes reduce the need to utilize affidavits on summary judgment today. (citations omitted).

Since 2010 courts, including some within the same district, have reached varying conclusions as to whether an expert report need be sworn to be considered on a motion for summary judgment. However, the majority of post-2010 cases hold that the report need not be sworn or authenticated.

In *Sanchez v. Hartley*, 299 F.Supp.3rd 1166,1181 n.11 (D. Colo. 2017), the court forcefully rejected the argument made herein by the Debtors:

> Dickson objects that Dr. Honts's expert report is incompetent summary judgment evidence because it is "unsworn" (*i.e.*, not in the form of an affidavit or declaration). The Court is frankly tired of addressing this utterly formalistic and baseless (yet surprisingly common) objection. See *Pertile v. Gen. Motors, LLC,* 2017 WL 4237870, at *2 (D. Colo. Sept. 22, 2017). The cases Dickson cites in support of his *position—Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), and *Sofford v. Schindler Elevator Corp.,* 954 F.Supp. 1459, 1462–63 (D. Colo. 1997)—have been abrogated on this point by the 2010 amendments to Federal Rule of Civil Procedure 56. See *Pertile,* 2017 WL 4237870, at *2 & n.3. The proper question at summary judgment is whether the proffering party "is incapable of presenting its experts' intended testimony 'in a form that would be admissible in evidence [at trial].'" *Gunn v. Carter,* 2016 WL 7899902, at *2 (D. Colo. June 13, 2016) (quoting Fed. R. Civ. P. 56(c)(2)). Dickson does not attempt to show that Sanchez cannot bring Dr. Honts to testify at trial, or that Dr. Honts's opinions have not been adequately disclosed. Dickson's objection is therefore

6

overruled.

Similarly, in *Foreward Magazine, Inc. v. OverDrive, Inc.*, 2011 WL 5169384, at *1-2 (W.D. Mich. 2011) the court stated:

> Newly revised Rule 56 of the Federal Rules of Civil Procedure governs the procedure by which the court must review objections to the admissibility of evidence presented in connection with a motion for summary judgment. In some respects, the 2010 amendment Rule 56 works a sea change in summary judgment procedure and introduces flexibility (and consequent uncertainty) in place of the bright-line rules that are obtained previously. Former Rule 56(e) contained an unequivocal direction that documents presented in connection with a summary judgment motion must be authenticated.
>
> ****
>
> These authorities must be read carefully, however, in light of the 2010 amendments to Rule 56, which eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated. Rather, the amended Rule allows a party making or opposing a summary judgment motion to cite to materials in the record including, among other things, "depositions, documents, electronically stored information, affidavits or declarations" and the like. FED. R. CIV. P. 56(c)(1)(A). If the opposing party believes that such materials "cannot be presented in a form that would be admissible in evidence," that party must file an objection. FED. R. CIV. P. 56(c)(2). Significantly, the objection contemplated by the amended Rule is not that the material "has not" been submitted in admissible form, but that it "cannot" be. The comments to the 2010 amendments make it clear that the drafters intended to make summary judgment practice conform to procedure at trial. "The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike." FED. R. CIV. P. 56 (2010 Advisory Committee comments). The revised Rule therefore clearly contemplates that the proponent of evidence will have the ability to address the opponent's objections, and the Rule allows the court to give the proponent "an opportunity to properly support or address the fact," if the court finds the objection meritorious.

7

> FED. R. CIV. P. 56(e)(1). Thus, the amendment replaces a clear, bright-line rule ("all documents must be authenticated") with a multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method to doing so at trial.

See also *DeYoung v. Dillon Logistics, Inc.*, 2021 WL 414536, at *4 (E.D. Tex. 2021) ("In the Fifth Circuit a district court may consider unsworn expert reports if the proponents provide a method for presenting them as admissible evidence. Here, the plaintiffs have satisfied their burden by proposing that the experts will testify at trial to their reports. The court is satisfied that the expert reports can be presented in a form that would be admissible."); *Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible..., the material may be presented in a form that would not in itself, be admissible at trial."); *Fraternal Order of Police, Lodge 1 v. City of Camden,* 842 F.3d 231, 238 (3rd Cir. 2016) (holding that a "proponent need only 'explain the admissible form that is anticipated'"); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 538 (4th Cir. 2015) (recognizing that a "court may consider... the content or substance of otherwise inadmissible materials when 'the party submitting the evidence show[s] that it will be possible to put the information... into admissible form.'"); *Jones v. UPS Ground Freight,* 683 F.3d 1283, 1293-94 (11th Cir. 2012 (determining that a district court may consider the statement "if the statement could be reduced to admissible evidence at trial or reduced to admissible form.").

    The only two post-2010 cases cited by Terry Stewart in support of her argument that the appraisal is inadmissible are inapposite. In *In re Jaramillo*, 2020 WL 1867891 (Bankr.

8

D. N.M. 2020), the court excluded appraisals where "[n]one of the parties who prepared the reports testified at the hearing." The pre-2010 case cited by the *Jaramillo* Court excluded an appraisal "as improper hearsay evidence where the appraiser was not available for cross-examination." *See Waddell v. Comm'r of Internal Revenue*, 841 F.2d 264, 267(9th Cir.1988) (per curiam). In *Green v. United States*, 2016 WL 5876030 (W.D. Okla. 2016) the court actually *denied* the Defendant's motion to strike an appraisal which had been done by a deceased individual who had prepared an appraisal report, not as an expert witness but to comply with Internal Revenue Service requirements. The Court admitted the report under both the "business records" and a document relied upon by a testifying expert exceptions to the hearsay rule.

There are cases within the Tenth Circuit which, even following the 2010 Amendments to Rule 56, hold that an expert witness report must be authenticated before being considered on a motion for summary judgment. *See, e.g.*, *Pruitt v. Alamosa County Sheriff's Office,* 2020 WL 3971651 (D. Colo. 2020) (finding that "even assuming the reports were not required to be sworn, '[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.'"). The only Tenth Circuit case, albeit in an unpublished opinion,[3] has stated that "unsworn expert reports are not competent evidence on summary judgment." *Peak ex rel. Peak v. Central Tank Coatings, Inc.,* 606 Fed.Appx. 891, 895 (10th Cir. 2015).[4]

---

[3] Under 10th Cir. R. 32.1, "[u]npublished cases are not precedential, but may be cited for their persuasive value."

[4] That statement, however, must be placed in context. The Tenth Circuit in *Peak* recognized that the Advisory Committee's notes on the 2010 Amendments to Rule 56(c)(4) stated that although "[a] formal affidavit is no longer required," Rule 56(c)(4) still requires that "a written

9

Even in the absence of an oath affirming in an affidavit, Federal law recognizes certain unsworn declarations as competent evidence to oppose a motion for summary judgment. 28 U.S.C. § 1746.  Section 1746 directs that whenever a rule requires "any matter" be supported by a "sworn declaration...oath, or affidavit" such matter may be supported, "with like force and effect," by an unsworn declaration.  Such unsworn declaration must be "subscribed by [the declarant], as true under penalty of perjury, and dated in substantially the following form:"

****
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date) (Signature).

*Id*.  Strict compliance with § 1746 is not required as long as the unsworn declaration "substantially" satisfies the statute.  *Rogers v. City of Selma,* 178 F.Supp.3d 1222, 1232 (S.D. Ala. 2016); *See also United States v. Roberts*, 308 F.3d 1147, 1154–55 (11th Cir. 2002), *cert. denied*, 538 U.S. 1064, 123 S.Ct. 2232, 155 L.Ed.2d 1119 (2003) (finding § 1746 met when the unsworn declaration included the disclaimer "to the best of [the declarant's] knowledge, information or belief"); *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir.1995) (finding § 1746 met where it stated that "the facts stated in ... the complaint [are] true and correct as known to me").

In the present case, the Dowd Report, even without an accompanying affidavit, is

---

unsworn declaration, certificate, verification, or statement [be] subscribed in proper form as true under penalty of perjury [under 28 U.S.C. § 1746] to substitute for an affidavit."  The Court went on to note that "because neither report contains proper subscriptions, they cannot be considered on summary judgment."  As discussed below and contrary to the facts in *Peak*, in the present case the expert report is signed, dated and recites that the "statements of fact stated in this report are true and correct."

dated, states that "[t]he statements of fact contained in this report are true and correct" and is signed by Mr. Dowd. [Doc. 164-1, pg. 3 ¶ 13]. Furthermore, SEPH has stated Mr. Dowd will testify at trial as to his report. There is no question in the Court's mind that SEPH has met its burden of showing that the Dowd Report can be presented in an admissible form at trial and/or that the Dowd Report itself meets the requirements of Rule 56(c)(1) and (4) and § 1746.

As to Terry Stewart's argument that the appraisal conducted on June 24, 2021 has no relevance to the value of the jewelry at the time of the bankruptcy petition filed in 2014, the Court finds that to be an issue of fact to be presented and argued at the time of the trial on the matter. Debtors also assert that the Dowd Report fails to establish that he is a qualified expert in the field of jewelry appraisal. The Dowd Report indicates that his company "is an independent jewelry appraisal company;" that he is a member of the National Association of Jewelry Appraisers; that he has a diploma as a Graduate Gemologist; that he has been in the business for approximately 35 years; and cites the "certification of appraisal practices" underlying the Dowd Report. At least on the face of the Dowd Report, at this stage of the proceeding, Mr. Dowd appears to qualify as an expert which SEPH is entitled to present at trial. Debtors will have their opportunity to challenge his expert status at trial.

Lastly, although probably the most expeditious way of resolving the present issue, is that even if a party initially submits an unsworn affidavit or declaration to substantiate a claim under Rule 56, if the party attaches an unsworn expert report along with the expert's sworn declaration or deposition affirming the report, the unsworn report's deficiencies are cured. *Rawers v. United States,* 488 F.Supp.3d 1059, 1105 (D. N.M. 2020). *See, e.g.,*

Wright & Miller, *Affidavits in Support of or in Opposition to Summary Judgment*, 10B *Federal Practice & Procedure*, § 2738 (4th ed. July, 2020) ("Subsequent verification or reaffirmation of an unsworn expert's report, either by affidavit or deposition, allows the court to consider the unsworn expert's report on a motion for summary judgment.") (citing *DG & G, Inc. v. FlexSol Packaging Corp. of Pompano Beach*, 576 F.3d 820, 826 (8th Cir. 2009); *Humphreys v. Partners Architects, L.P. v. Lessard Design, Inc*., 790 F.3d 532, 539 (4th Cir. 2015) (stating that a court can consider an unsworn expert's report on a summary judgment motion if a party subsequently affirms or verifies it with an expert's affidavit or deposition); *Cornell Research Found., Inc. v. Hewlett–Packard Co.*, 2007 WL 4349135, at *19 (N.D. N.Y. 2007) ("Despite the potential inappropriateness of submitting the unsworn report of a party's own expert to support or oppose a summary judgment motion, such a defect is, as plaintiffs argue, curable through the submission of an affidavit or a declaration verifying the report's contents."). Thus, even if the Dowd Report standing alone was not sufficient for consideration in opposition to the Debtors' motions for summary judgment (which the Court finds it was sufficient), after the Debtors objected to the Dowd Report because it was not supported by an affidavit, SEPH corrected any alleged deficiency by subsequently filing Dowd's Affidavit.

Based on the above,

**IT IS ORDERED** that *Defendant Terry P. Stewart's Motion to Strike Plaintiff's Exhibit 1 to Plaintiff's Reply to Terry Stewart's Response to Motion for Partial Summary Judgment* [Doc. 168] is **Denied.**

**IT IS FURTHER ORDERED** that *SEPH's Motion for Leave to Supplement the*

12

*Summary Judgment Record* [Doc. 177] is **Granted.** [5]

# # #

---

[5] Since the Court has denied the Debtor's *Motion to Strike* and permitted consideration of the expert report without an affidavit, it would appear to render moot a ruling on SEPH's *Motion to Supplement the Summary Judgment Record*. At the same time, granting SEPH's *Motion to Supplement Record* would also render moot Debtor's *Motion to Strike.* A ruling in favor of SEPH on either motion gets the Dowd Report before the Court for consideration on both parties motions for summary judgment. In this case, however, to make the record clear the Court prefers to dispose of all motions on their merit.