**Dated: January 5, 2023**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | Case No. 15-12215-JDL |
| | ) | Ch. 7 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| SE Property Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 16-1087-JDL |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER DENYING MOTION TO CERTIFY JUDGMENT FOR APPEAL

Plaintiff SE Property Holdings, LLC ("SEPH") seeks the Court to certify as a final judgment for appeal the Judgment entered by the Court determining that Debtor David A.

Stewart ("Stewart") be denied a discharge pursuant to 11 U.S.C. § 727(a)(2)(A).[1] Before the Court for consideration are:

1. *SE Property Holdings, LLC's Motion for Rule 54(b) Certification* [Doc. 208];

2. *SE Property Holdings, LLC'S Response to Motion to Defendant David A. Stewart's Motion to Amend or Make Additional Findings, or Alter or Amend Judgment or, In the Alternative, Clarification or Correction* [Doc. 207];[2]

3. *Response of David Stewart to SE Property Holdings, LLC'S Motion for Rule 54(b) Certification* [Doc. 211]; and

4. *SE Property Holdings, LLC'S Reply Brief in Support of Its Motion for Rule 54(b) Certification* [Doc. 212].

Pursuant to Fed. R. Bankr. P. 7052 and 9014, the following constitute the Court's Findings of Fact and Conclusions of Law.[3]

## Background

On August 3, 2022, the Court entered its *Opinion and Order Upon Cross-Motions for Summary Judgment* ("Opinion") which granted SEPH summary judgment on one of its five Counts by which it sought to deny both Debtors a discharge; that being Count I, its claim that Stewart should be denied a discharge under § 727(a)(2)(A). [Doc. 200]. Consistent with its Opinion, on August 22, 2022, the Court entered Judgment in favor of

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[2] Although SEPH's response was directed to Stewart's motion to amend, the Court is taking it into consideration with respect to the present motion by virtue of the fact that SEPH has incorporated in full the authority cited in the response to support its present motion. [Doc. 207, pg. 2].

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

SEPH denying Stewart a discharge on the basis of § 727(a)(2)(A). [Doc.204]. The Court's Opinion denied SEPH's motion for summary judgment against Debtor Terry P. Stewart on all three Counts directed against her.

On September 5, 2022, Stewart filed his *Motion to Amend or Make Additional Findings, or Alter or Amend Judgment, or in the Alternative Claeification* (sic) *or Correction* seeking to have the Court make it clear that the Judgment entered against Stewart was not a final judgment for purposes of appeal. [Doc 206]. SEPH filed its response to the motion asserting that its remaining claims seeking to deny Stewart a discharge under §§ 727(a)(4) and (a)(5) and determining his debt to SEPH nondischargeable under § 523(a)(2) were rendered moot, thus making the judgment on its § 727(a)(2)(A) claim a "final" judgment. [Doc. 207]. On September 22, 2022, the Court entered its *Order Granting Motion to Clarify Judgment* finding that under Rule 54(b), as incorporated by Rule 7054, the Judgment entered against Stewart was not final and appealable because it did not dispose of all claims against all parties, namely Terry P. Stewart. [Doc. 209]. SEPH now requests the Court to "certify" its Judgment under Rule 54(b) which gives the Court authority to enter an early, final judgment or order so as to permit an appeal notwithstanding the judgment or order disposes of fewer than all the claims or fewer than claims against all the parties.

## Discussion

Fed. R. Civ. P. 54(b) controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings. Fed. R. Civ. P. 54(b), incorporated by Fed. R. Bankr. P. 7054(a); *Adelman v. Fourth Nat'l Bank & Trust Co., N.A. of Tulsa, OK (In re Durability, Inc.)*, 893 F.2d 264, 265–66 (10th Cir.1990);

*Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.),* 738 F.2d 1065, 1066-67 (9th Cir.1984).  Rule 54(b) provides as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The purpose of Rule 54(b) "is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available." *Oklahoma Turnpike Authority v. Bruner,* 259 F.3d 1236, 1241(10th Cir. 2001) (citing 10 Charles A. Wright et al., *Federal Practice and Procedure*: Civil 2d § 2654 at 33 (1982)).  However, Rule 54(b) "preserves the historic federal policy against piecemeal appeals," *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 438, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)—a policy that promotes judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case. Thus, "[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the

litigants." 10 Charles A. Wright et al., *Federal Practice and Procedure*: Civil 2d § 2654 at 35 (1982).

"Rule 54(b) entries are not to be made routinely...." *Bruner*, 259 F.3d at 1242 (quoting *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir.1980) (cited with approval in *Livesay v. Shollenbarger,* 19 F.3d 1443 (table), 1994 WL 56923, at *2 (10th Cir.1994)); *see also Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) ("sound judicial administration does not require that Rule 54(b) requests be granted routinely").  "Trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships." *Gas–A–Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1105 (10th Cir.1973).  Thus, a certification under Rule 54(b) is only appropriate when a court adheres strictly to the rule's requirement.

In the Tenth Circuit there are "three prerequisites for appeal" of orders certified under Rule 54(b): (1) "multiple claims" in the lawsuit; (2) a "final decision" on at least one of those claims; and (3) the trial court's determination that "there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005); *In re Sukut*, 380 B.R. 577,583 (10th Cir. 2007); *Schrock v. Wyeth, Inc.,* 727 F.3d 1273, 1278 (quoting *Oklahoma Turnpike Authority v. Bruner,* 259 F.3d 1236, 1242 (10th Cir. 2001); *Curtiss–Wright Corp.,* 446 U.S. at 8.

Here, it is clear that the first requisite element, that there be multiple claims in the lawsuit, is present.  There were numerous claims objecting to both Mr. and Mrs. Stewart's

5

discharge, and even after summary judgment against Stewart four of those claims against Mrs. Stewart remain pending.

The second requisite element, that there be a final decision on at least one claim, is also present. To qualify as a final judgment, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp.,* 446 U.S. at 7, (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). In other words, the judgment must fully dispose of a substantive claim that is separable from other claims in the proceeding. SEPH argues that the judgment against Stewart on its § 727(a)(2)(A) claim is final because it renders moot claims on any other § 727 or § 523 basis and leaves nothing more for the Court to do – Stewart has been denied a discharge – end of story for Stewart. However, even if the requirement of finality is satisfied as to Stewart, as this Court does find, the Supreme Court has cautioned that "[n]ot all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss–Wright Corp.*, 446 U.S. at 8.

Even though a decision may be final, the trial court retains the discretion to decide when it is ripe for appeal. *Curtiss–Wright Corp.,* 446 U.S. at 8 ( "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'"); *Carbajal v. Keefer,* 51 F.Supp.3d 1065, 1067 (D. Colo. 2014).

After a finding of finality, the court must determine whether there is any just reason for delay. "In deciding whether there are no just reasons to delay the appeal of individual final judgments ... a district court must take into account judicial administrative interests as well as the equities involved. *Curtiss–Wright Corp.*, 446 U.S. at 8. Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals." *Id*. (citation omitted). Factors the district court should consider are "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss–Wright Corp.,* 446 U.S. at 8; *Stockman's Water Co., LLC v. Vaca Partners, L.P.,* 425 F.3d 1263, 1265 (10th Cir. 2005). Beyond these generalized factors, the Supreme Court and lower courts have left it to the discretion of the trial court to determine when there is "just reason for delay" in making a final order appealable.

There are two reasons for the Supreme Court's reluctance to fix precise guidelines. First, the trial court is in a better position to weigh the equities or, in the Court's words, "the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case." *Curtis-Wright*, 446 U.S. at 12. In this respect, the trial court is "the one most likely to be familiar with the case and with any justifiable reasons for delay." *Sears, Roebuck*, 351 U.S. at 437; *Curtis-Wright*, 446 U.S. at 10. Second, "the number of possible situations is large ...." *Curtis-Wright*, 446 U.S. at 10. Thus, a determination of certification necessarily escapes precise guidelines and discretion, "with

good reason, vested the rule primarily" in the trial court. *Sears, Roebuck,* 351 U.S. at 437.

It is incumbent upon the Court to evaluate whether the claims already adjudicated against Stewart were such that no appellate court would have to decide the same issues more than once if there was a subsequent appeal by Mrs. Stewart.  Much, if not all, the evidence supporting summary judgment against Stewart is the same evidence that will be presented at the trial attempting to bar Mrs. Stewart's discharge. The forty-one (41) paragraphs of undisputed material facts related to Stewart's fraudulent transfers upon which the Court granted summary judgment are the identical set of operative facts upon which SEPH seeks to bar Mrs. Stewart's discharge under Count 1.  Not only are the facts the same, but the relief sought against Mrs. Stewart is the same as was sought, and granted, against Stewart.  The only difference in proof as to Count 1 at Mrs. Stewart's trial will relate to the extent to which she participated in those same undisputed acts of her co-defendant husband so as to find the requisite fraudulent intent to bar her discharge.  SEPH argues that the difference in the determination of Stewart's fraudulent intent and Mrs. Stewart's intent is such that the appellate court should hear their appeals separately.  The Court does not agree.  All of the fraudulent acts which barred Stewart's discharge are the same facts by which SEPH, on the same Count, seeks to bar Mrs. Stewart's discharge. Here, the Court's Rule 54(b) certification would result  in piecemeal appeals which the rule is meant to avoid.

The Court is as mindful as the parties that this bankruptcy has been going on for approximately eight years and this particular adversary for approximately six years at tremendous financial and emotional cost.  Whatever the outcome of this adversary, the Court anticipates that, like previous unconnected rulings, there will be appeals of different

future rulings. The last thing that the parties, the Court, or the appellate court, need is two separate (piecemeal) appeals of largely identical issues seeking to bar both Debtors' discharge. Furthermore, given the material undisputed facts established by the Court's grant of summary judgment against Stewart, the trial of claims against Mrs. Stewart should be greatly simplified. The possible delay of a couple of months does not, given all the circumstances of this bankruptcy, impose an undue burden, hardship or prejudice on any of the parties. Considering all factors, including judicial administrative interests and the equities involved, together with the policy that Rule 54(b) certification is the exception and not routinely granted, the Court cannot find that the "no just reason for delay" element is established in this case.

The Court finds that any appeal by Stewart from the summary judgment against him and any subsequent appeal from a judgment either in favor of or against Mrs. Stewart on Count I of SEPH's *Second Amended Complaint* based on § 727(a)(2)(A) should be made at the same time. Accordingly,

**IT IS ORDERED** that *SE Property Holdings, LLC's Motion for Rule 54(b) Certification* [Doc. 208] is hereby **Denied.**

# # #