**Dated: October 3, 2023**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | Case No. 15-12215-JDL |
| | ) | Ch. 7 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| SE Property Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 16-1087-JDL |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO FILE SUR-REPLY**

In this adversary proceeding seeking to deny Debtor Terry Stewart ("Terry") a discharge, Plaintiff SE Property Holdings, LLC ("SEPH") requests leave of court to file a sur-reply brief to Terry's *Motion in Limine* which seeks to exclude the testimony of SEPH's expert witness regarding the value of Terry's jewelry. Before the Court for consideration

are *Defendant Terry P. Stewart's Motion In Limine or to Strike or Exclude Testimony of Plaintiffs' Expert J. Miles Dowd* ("*Motion in Limine*")[Doc. 236]; *SE Property Holdings, LLC's Response to Terry P. Stewart's Motion In Limine or to Strike or Exclude Testimony of Expert J. Miles Dowd* [Doc. 238]; *Defendant Terry P. Stewart's Reply to SE Property Holdings, LLC's Response to Motion in Limine or to Strike or Exclude Testimony of Plaintiffs' Expert J. Miles Dowd* [Doc. 239]; *SE Property Holdings, LLC's Motion for Leave to File Sur-Reply* [Doc. 249]; and *Defendant Terry P Stewart's Objection to Plaintiff SE Property Holdings, LLC's Motion for Leave to File Sur-Reply* [Doc. 253].

This Court's Local Rules limit briefing on motions to the motion itself, (with memorandum in support), a response, and reply briefs "which are optional and not encouraged." Rule 9013-1(C). Further, sur-reply briefs are not permitted except by prior leave of court. The Court's Local Rules are consistent with case authority which provide "Surreplies are typically not allowed." *Taylor v. Sebelius*, 350 F.Supp.2d 888, 900 (D. Kan. 2004), *aff'd* on other grounds, 189 Fed.Appx. 752 (10th Cir. 2006). Instead, sur-replies are permitted only with leave of court under "rare circumstances." *Humphries v. Williams Nat. Gas Co.*, 1998 WL 982903, at *1 (D. Kan. 1998) (citations omitted). The granting of a motion for leave to file a sur-reply is discretionary. *Schmidt v. Shah*, 696 F.Supp.2d 44, 59 (D. D.C. 2010) (citing *Baloch v. Norton*, 517 F.Supp.2d 345, 349 n.2 (D. D.C. 2007) ("The decision to grant or deny leave to file a surreply is committed to the sound discretion of the court.")).

For example, when a moving party raises new material for the first time in a reply, the court has discretion to grant leave to file a sur-reply to afford the opposing party an

opportunity to respond to the new material (which includes both new evidence and new legal arguments). *Green v. New Mexico,* 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)). The rules governing sur-replies "are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word." *Grohmann v. HCP Prairie Village KS OPCO LLC*, 516 F. Supp.3d 1267, 1272 (D. Kan. 2021). The record in this adversary and the associated lead case is replete with each party trying to get in the last word. In this case, the Court has previously, and perhaps over generously, exercised its discretion and permitted the filing of sur-replies.[1] It will not do so with SEPH's present Motion.

The "new material" which SEPH asserts entitles it to a sur-reply is it's claim that Terry for the first time in her reply brief mentioned the "'Instructions: Bankruptcy Forms for Individuals' in connection with her argument that the relevant date of the jewelry's value is the petition date." [Doc. 249, pg. 2]. In response, Terry asserts that this was not "new material" permitting a sur-reply because in its response to Terry's *Motion in Limine* SEPH had stated:

> Terry Stewart suggests that the value should be determined as of the petition date in 2014, but she cites no authority for that proposition. **Her schedules filed in 2015 instructed her to list the "Current Value"** of her interest in the jewelry, not the value as of the petition date.

[Doc. 253, pg. 2]. Terry points out she never mentioned the term "Current Value" in her

---

[1] For example, in granting SEPH one of its motions for leave to file a sur-reply the Court characterized the case as "this continuing 'Battle of the Briefs' to get in the last word." [*Order Granting Motion for Leave to File Sur-Reply to Motion for Partial Summary Judgment*, [BK 15-12215, Doc. 849, entered April 27, 2021].

3

*Motion in Limine*, nor did she refer to the instructions given her for her schedules. She also points out that SEPH neglected to mention in its motion for leave to file the sur-reply that in Terry's objection to SEPH's sur-reply motion she had stated that "instructions were first brought up by SEPH in its Response to the *Motion in Limine* when it stated that Defendant's "schedules filed in 2015 instructed her to list the 'Current Value.'"

The Court finds that additional briefing on the role of the Schedules in the determination of the date of valuation of the jewelry is not necessary. That issue is already effectively before the Court on the current pleadings regarding the *Motion In Limine.* More importantly, a sur-reply is not necessary because SEPH has, in effect, raised and substantively briefed the date of valuation issue and the role of the Schedules in its motion for a sur-reply. The filing of an *actual* sur-reply addressing those issues would merely be a rehash of what the Court has already read. In the Court's view, SEPH has already gotten in its last word. Accordingly,

**IT IS ORDERED** that *SE Property Holdings, LLC's Motion for Leave to File Sur-Reply* [Doc. 249] is **Denied.**

# # #