**Dated: October 5, 2023**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | Case No. 15-12215-JDL |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |
| SE Property Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 16-1087-JDL |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE**

**I. Introduction**

In this adversary proceeding creditor SE Property Holdings, LLC ("SEPH") seeks to deny Defendant Terry P. Stewart ("Stewart")[1] a discharge on the grounds, *inter alia*, that

---

[1] SEPH had also objected to the discharge of Stewart's co-debtor and husband, David A. Stewart, on numerous grounds including the § 727(a)(4) claim asserted against Stewart which is the subject of the *Motion In Limine* before the Court. On August 3, 2022, the Court entered its

in her bankruptcy schedules she fraudulently misstated the value of her jewelry in violation of the "false oath" prohibition of 11 U.S.C.§ 727(a)(4).[2] Stewart seeks to prohibit the testimony of SEPH's expert witness, J. Miles Dowd ("Dowd"), and bar his expert report on the value of Stewart's jewelry on the ground that his appraisal of the jewelry conducted in June 2021 was too remote in time from the creditor's filing of Stewart's involuntary bankruptcy in September 2014 or the filing of her Amended Schedules in September 2015.[3]  Before the Court for consideration are:

1. *Defendant Terry P. Stewart's Motion In Limine or to Strike or Exclude Testimony of Plaintiffs' Expert J. Miles Dowd ("Motion in Limine")*[Doc. 236];

2. *SE Property Holdings, LLC's Response to Terry P. Stewart's Motion in Limine or to Strike or Exclude Testimony of Expert J. Miles Dowd* [Doc. 238];

3. *Defendant Terry P. Stewart's Reply to SE Property Holdings, LLC's Response to Motion In Limine or to Strike or Exclude Testimony of Plaintiffs' Expert J. Miles Dowd* [Doc. 239];

4. *SE Property Holdings, LLC's Motion for Leave to File Sur-Reply* [Doc. 249];

5. *Defendant Terry P. Stewart's Objection to Plaintiff SE Property Holdings, LLC's*

---

*Opinion and Order Upon Cross-Motions for Summary Judgment* in which it denied David Stewart's discharge on the basis of § 727(a)(2) (transferring, removing, destroying or concealing property of the debtor within one year before the date of the filing of the petition) [Doc. 200] 2002 WL 3209467. Because the Court denied David Stewart's discharge on one ground it did not reach the denial of his possible discharge on any other ground, including § 727(a)(4) at issue here.

[2] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

[3] In prior pleadings before the Court, Stewart had argued, like with the present motion, that the appraisal conducted by SEPH's expert on June 24, 2001, had no relevance to the value of the jewelry at the time the involuntary bankruptcy petition was filed in 2014.  The Court found that was an issue of fact to be presented and argued at the time of the trial. *See Order on Motion to Strike Expert Report and Motion for Leave to Supplement the Summary Judgment Record* [Doc. 201, pg. 11].

2

*Motion for Leave to File Sur-Reply* [Doc. 253].[4]

## II. Motions In Limine

"A motion in limine aids the trial process by allowing the Court to rule in advance of trial on the relevance and admissibility of certain evidence that is expected to be presented, thus avoiding delay caused by the interruption of the trial to hear argument on these issues." *In re Levesque,* 653 B.R. 127, 137 (Bankr. D. S.C. 2023); *Shotts v. GEICO General Insurance Co.*, 2018 WL 4832625 (W.D. Okla. 2018) ("The purpose of a motion *in limine* is to allow the Court to decide evidentiary issues in advance of trial to avoid delay and ensure an evenhanded and expeditious trial."); *In re Corporate Resource Services, Inc.,* 603 B.R. 888, 893 (Bankr. S.D. N.Y. 2019). Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *Aqueous Film-Forming Foams Products Liability Litigation*, 2023 WL 3409039, at *1 (D. S.C. 2023) (citing *Kauffman v. Park Place Hospital Group,* 468 Fed.Appx. 220, 222 (4th Cir. 2012)).

Generally, "rejection of expert testimony is the exception rather than the rule." *United States v. Nacchio*, 519 F.3d 1140, 1154 (10th Cir. 2008), vacated in part on rehearing en banc 555 F.3d 1234 (10th Cir. 2009). Only evidence that is "clearly inadmissible on all potential grounds" should be excluded on a motion in limine. *United*

---

[4] On October 3, 2023, the Court entered its *Order Denying Motion to File Sur-Reply* [Doc. 256] by which it denied SEPH's request to allow additional pleadings with respect to certain issues relating to Stewart's *Motion In Limine* presently under consideration. The parties' motion and objection regarding the filing of a sur-reply have been taken into consideration by the Court in ruling upon the present *Motion in Limine*, but the Court in its order determined that all the issues had been sufficiently briefed so that an additional sur-reply by SEPH was superfluous and thus not permitted.

3

*States v. Verges*, 2014 WL 559573, at *3 (E.D. Va. 2014). The proponent of the evidence bears the burden of establishing that the admissibility requirements are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775 (1987); *In re Corporate Resource Services, Inc.*, 603 B.R. at 895 ("The party seeking to admit an expert bears the burden of demonstrating admissibility by a preponderance of the evidence.").

### III. Discussion

In the present case, the *Motion In Limine* is somewhat different than most situations in that the trial has already been conducted by the Court (the questioned testimony is being submitted by deposition after trial), and there is no jury of which to be concerned. In a bench trial in which the judge is serving as the trier of fact, the gatekeeping function is relaxed because the judge is better equipped than a jury to weigh the probative value of expert evidence. *Palmacci v. Umpierrez,* 121 F.3d 781, 792 (1st Cir. 1997) ("A trial court has wide discretion in determining the admissibility of expert testimony, especially when the issue is being tried directly to the bench."); *Bishop of Charleston v. Century Indemnity Co.*, 225 F.Supp.3d 554, 567 (D. S.C. 2016); *See also Attorney General of Oklahoma v. Tyson Foods, Inc.,* 565 F.3d 769, 779 (10th Cir. 2009) ("[T]he usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial.").

Another factor to consider as to the admissibility of Dowd's expert testimony is the nature of his testimony. The bankruptcy court's discretion is even greater when the expert witness is considered as a "skilled" witness, such as experts testifying as to the value of

property based on experience. *In re Webb MTN, LLC,* 420 B.R. 418 (Bankr. E.D. Tenn. 2009) (Bankruptcy court possesses wide discretion, when presented with vastly discordant appraisals, as to how property should be valued and may largely accept the opinion of one party's expert or may be selective in determining what portions of each expert's opinion, if any, to accept.); *In re Bate Land & Timber, LLC,* 523 B.R. 483, 499-500 (Bankr. E.D. N.C. 2015) ("When two appraisal reports conflict, the court 'must determine value based on the credibility of the appraisers, the logic of their analyses and the persuasiveness of their subjective reasoning.'").

Unlike a *Daubert* [5] hearing to test the validity of scientific expert testimony, when considering whether to exclude testimony of "nonscientific experts who rely on professional judgment or experience, e.g. appraisers, business valuators and accountants, it is usually better to allow them to testify and be cross-examined rather than bar their testimony after a *Daubert* hearing. As stated by Judge Rasure in *In re Commercial Fin. Servs., Inc.*, 350 B.R. 520, 528 (Bankr. N.D. Okla. 2005): "Experts and disciplines that require the use of professional judgment are less likely candidates for exclusion because challenges may be ultimately viewed as matters in which reasonable experts may differ...." It is a fundamental principle that a fact finder is "not compelled wholly to accept or wholly to reject" the testimony of an expert witness and is "entitled to credit part of the witness's testimony and discredit the balance." *Moore v. Chesapeake & O. RY. Co.*, 340 U.S. 573, 579, 71 S.Ct. 428 (1951)(Black, J. dissenting); *Ortco Contractors, Inc. v. Charpentier*, 332 F.3d 283, 292

---

[5] *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786 (1993).

(5th Cir. 2003). In short, the bankruptcy court is not bound to accept the values contained in the parties appraisals; rather, it may form its own opinion of the value of the subject property after considering the appraisals and expert testimony. *See, e.g. In re Abruzzo*, 249 B.R. 78, 86 (Bankr. E.D. Pa. 2000).

As the Court sees it, while Stewart apparently does not question Dowd's qualifications as an expert witness[6], she argues that Dowd's testimony and his expert report should be inadmissible for three principal reasons: (1) the appraisal of the jewelry done in June 2021 was too remote in time from the filing of the petition in 2014 or the amended schedules in 2015, (2) Dowd's estimate of the jewelry's value in 2014-15 on a percentage comparison with its value in 2021 was too speculative or a mere "guesstimate" to be admissible, and (3) the appraisal in 2021 did not take into consideration the significant rise in the price of gold from 2014-2015. In seeking admissibility, SEPH responds that (1) while the appraisal was not done until approximately six years after the bankruptcy was filed, Dowd testified that the values in 2015 would fall in a range of 20 to 30% less than the 2021 valuation (meaning that the items 2015 value would be 70 to 75% of their 2021 value), (2) while he did not separately appraise any gold that was part of any of the jewelry, the metal component of the valuation was "usually a fairly small portion" of the total value of each piece, and the real value was in the precious stones, (3) the large

---

[6] This court has previously noted that Dowd's company "is an independent jewelry appraisal company;" that he is a member of the National Association of Jewelry Appraisers; that he has a diploma as a Graduate Gemologist; that he has been in the business for approximately 35 years; and cites the "certification of appraisal practices" in making his report. *See Order on Motion to Strike Expert Report and Motion for Leave to Supplement the Summary Judgment Record* [Doc. 201, pg. 11]. Dowd's expert report is extremely detailed and 35 pages in length. The Court concludes that Dowd qualifies as an expert witness under Rule 702 of the Federal Rules of Evidence.

disparity in value between Stewart's appraisal of the jewelry of approximately $7,000 in September 2015 and Dowd's precise appraisal of $127,500 in 2021 demonstrates that Stewart's appraisal was "bogus" and supports SEPH's claim that such a valuation in her schedules constituted a false statement under oath, and (4) the delay between 2015 and the appraisal in 2021 was largely attributable to delays occasioned by "the Debtors' compromise proceedings, their counsel's disgorgement issues, their seeking new counsel, and their forcing SEPH to compel them to produce the jewelry for inspection.

In considering each of the parties contentions and the applicable law set forth above, the Court concludes that Stewart's objection to what it regards as, at best, shaky testimony goes to the weight to be accorded such testimony rather than its admissibility. While Dowd's testimony as to the value of the jewelry in 2014 or 2015 as being 20 to 30% less than its 2021 value may appear to be prohibitively speculative, the Court must take into consideration Dowd's obvious considerable experience, knowledge and training in making such an estimate. His "guesstimate" is not that of a layman. There are obvious flaws in Dowd's testimony, and the Court may not "buy" such testimony, the "appropriate methodology employed or the appropriate variables to plug into a calculation," *Commercial Financial Services, Inc.*, 350 B.R. at 528, but it is certainly entitled to give it consideration. "Questions regarding the factual underpinnings of the expert witness' opinion affect the weight and credibility of the witness' assessment, 'not its admissibility.'" *Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 195 (4th Cir. 2017). Accordingly,

**IT IS ORDERED** that *Defendant Terry P. Stewart's Motion In Limine or to Strike or Exclude Testimony of Plaintiff's Expert J. Miles Dowd* [ECF Doc. 236] is hereby **Denied.**

# # #