**Dated: November 13, 2026**

**The following is ORDERED:**

Janice D. Loyd
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | Case No. 15-12215-JDL |
| Debtors. | ) | Chapter 7 |
| | ) | |
| SE Property Holdings, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 16-1087-JDL |
| v. | ) | |
| | ) | |
| David A. Stewart and Terry P. Stewart, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER UPON APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL

### I. Introduction

Following a three-day trial, in July 2026, the Court entered its *Opinion and Order Granting Discharge* [Doc. 267][1] and *Corrected Judgment* [Doc. 269] holding that Creditor

[1] References to Docket Entries in this Order refer to the docket in Adversary Case No. 16-1087, unless otherwise noted.

SE Property Holdings, LLC ("SEPH") failed to carry its burden of proof under 11 U.S.C. §§ 727(a)(2) (transfer of property with intent to hinder, delay or defraud a creditor), (a)(4) (knowingly and fraudulently made a false oath) and (a)(5) (failure to satisfactorily explain any loss of assets) so as to barring the discharge of Debtor, Terry P. Stewart ("Terry").[2] SEPH timely filed an appeal, electing to appeal the Court's decision to the United States District Court for the Western District of Oklahoma, rather than to the Bankruptcy Appellate Panel ("BAP"). SEPH's only stated issue on appeal was whether the evidence at trial established the elements of the three § 727(a) claims tried against Terry. [*Appellant's Statement of Issues on Appeal*, Doc. 273].

SEPH timely filed its *Appellant's Designation of Record on Appeal* ("Designation of the Record") [Doc. 274] comprised of 115 docket entries – 71 from the discharge adversary proceeding and 44 from the main bankruptcy case. Like nearly every other aspect of this more than 12-year-old legal war of attrition, the parties disagree over the contents of the record that should be presented to the District Court on appeal. Since 2015, the volume of litigation between the parties has been truly epic such that a comparison to the iconic Charles Dickens' fictional case of *Jarndyce v. Jarndyce*[3] that threatened "to go on forever"

---

[2] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.

[3] Jarndyce has been referred to at least nine times by the U.S. Supreme Court (including by Chief Justice Roberts in the landmark bankruptcy case of *Stern v. Marshall*) and more than 325 times by state and federal courts. *See e.g. In re Woodbridge Group of Companies, LLC*, 592 B.R. 761, 776 (Bank. D. Del. 2018); *In re C and M Properties LLC,* 563 F.3d 1156, 1167-68 (10th Cir. 2009) (opinion by J. Gorsuch). The case before this Court has produced at least 21 slip opinions (published but not recorded in Bankruptcy Reporter), seven reported and published opinions and three appeals.

is justified.[4]

Terry has moved to strike numerous designated documents from the record. First, Terry contends that certain designated documents previously before the Court have no relevance to her discharge. Second, Terry contends that the transcripts from the July 18-20th trial in the designation of the record fail to list the individual exhibits admitted throughout the course of the trial. Seph, in its introductory paragraph of the Designation of the Record, included the following parenthetical "please note–all designations are inclusive of exhibits thereto." Terry has moved to preclude appellate consideration of the unidentified actual trial exhibits contending that they should not be considered "exhibits" as are attachments to other designated or identified documents.

Before the Court for consideration are:

(1) *Defendant/Appellee Terry P Stewart's Motion to Strike Portions of Appellant's Designation of Record on Appeal, or in the Alternative, Motion to Limit the Record on Appeal* [Doc. 284];[5]

(2) *Appellant SEPH's Response and Objection to Appellee Terry Stewart's Motion to Strike* [Doc. 289];

(3) *Amended Conditional Motion for Leave to File Amended Designation of Record on Appeal* [Doc 291]; and

(4) *Appellee Terry P. Stewart's Response and Objection to Appellant's Amended Conditional Motion for Leave to File Amended Designation of Record on Appeal* [Doc. 294].

[4] *Scales v. United States,* 360 U.S. 924, 79 S.Ct. 1444, 1446 (1959) (citing Charles Dickens, Bleak House, 1853). The case is a central plot device in the Dickens' novel and has become a byword for seemingly interminable legal proceedings in which mostly the professionals profited.

[5] The parties filed their pleadings concerning this matter in both the adversary proceeding and in the lead case. As noted in footnote 1, the Court will be referring to documents by the adversary case number, unless otherwise noted.

## II. Jurisdiction

The Court has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1334(B) and 157(a). This dispute is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(I) because it concerns the designation of the record on the appeal of the Order and Judgment granting Terry a discharge. Federal Rule of Bankruptcy Procedure 8009(e)(1)[6] provides:

> If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

"The above-referenced language leaves no doubt that any dispute over designation of items must be adjudicated by the bankruptcy court, and not the district court to which the appeal has been assigned." *In re Digerati Technologies, Inc.*, 531 B.R. 654, 659 (Bankr. S.D. Tex. 2015); *Amedisys, Inc. v. J.P. Morgan Chase Manhattan Bank (In re National Century Fin. Enters. Inc.)*, 334 B.R. 907, 914 (Bankr. S.D. Ohio 2005); *Contra In re Dow Corning Corp.*, 263 B.R. 544, 548-49 (Bankr. E.D. Mich. 2001) (minority view that bankruptcy court lacks discretion to strike designated materials on the appellate record).

## III. Discussion

### A. Background.

In September 2014, SEPH, commenced the underlying involuntary cases against David A. Stewart ("David") and Terry in the United States Bankruptcy Court for the District

---

[6] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

of Alabama. In 2015 the cases were thereafter transferred to this Court, and the two cases were administratively consolidated.

In August 2016, SEPH commenced this adversary proceeding seeking to bar the discharge of both David and Terry under § 727(a) and additionally the dischargeability of David's debt under § 523(a). After numerous depositions and tens of thousands of pages of document discovery, SEPH and both David and Terry filed motions for summary judgment. On August 3, 2022, the Court entered its *Opinion and Order Upon Cross-Motions for Summary Judgment* which granted summary judgment in favor of SEPH and against David finding that he had transferred property of the bankruptcy estate with the intent to hinder, conceal or defraud SEPH and barring his discharge under § 727(a)(2)(A). [Doc. 200]. Because the Court found that David was denied a discharge on one ground, it found that it was not necessary to determine whether David should be denied a discharge on other grounds and/or that his debt to SEPH should be dischargeable under § 523(a). As to SEPH's objection to Terry's discharge, the Court noted that unlike David, Terry had never testified before the Court and that there remained disputed material issues of fact which precluded the grant of summary judgment against her on any alleged ground under § 727(a), and that the objection to her discharg e should be resolved by trial.

The 66-page *Final Pretrial Order* entered on July 10, 2023, framed the three claims to be tried against Terry as: (1) Count I - § 727(a)(2)(A) – fraudulent intent as to the Oklamiss, LLC, Red Britt Trust and NOG, LLC transfers; (2) Count III – § 727(a)(4)(A) - false oath as to disclosure and valuation of jewelry; and (3) Count IV – § 727(a)(5) – failure to satisfactory provide an explanation for loss of assets. [Doc. 228].

Trial was held on July 18, 19 and 20, 2023. On July 2, 2026, the Court entered its

*Opinion and Order Granting Discharge* finding in favor of Terry on all three Counts. [Doc. 267]. SEPH appealed the Court's decision on July 16, 2026.

On July 30, 2026, SEPH filed its Designation of the Record comprised of 71 docket entries from the adversary proceeding, and 44 from the main bankruptcy case. [Doc. 274]. These docket entries consist of well over 5,000 pages. While voluminous, the designated items represent a fraction of the more than 1,300 docket entries in the adversary and main case. Terry moves to strike from the designated docket entries 67 items – 58 from the adversary proceeding and 9 from the main case. [Doc. 274, Ex. A]. Terry makes two distinct arguments: (1) SEPH's trial exhibits should be excluded because they were not designated by either number or description; and (2) as to specific identified docket entries, SEPH should be limited to designating for review on appeal only those items that directly bear upon the Court's finding that SEPH had not sustained its burden of proof to deny Terry a discharge.

SEPH counters that Terry's position is too restrictive; the Court has broad discretion in designating the record on appeal, and the record on appeal should be liberally construed and contain all documentation necessary to afford the reviewing court a complete understanding of the case and the Court's findings. SEPH acknowledges that its designation may well be overly inclusive but that there are good reasons for doing so. From the time the Court announced its decision in July 2026, SEPH had just 14 days to review the decision, prepare the statement of issues on appeal, and "comb through a total of 1296 docket entries across 2 cases to prepare for its designation of the record." Under such circumstances, "SEPH erred on the side of caution and designated more rather than less."

**B. Rule 8009 – Standard for Resolving Disputes Over the Record on Appeal.**

The parties do not appear to dispute that this Court has jurisdiction to determine disputes regarding items designated for the record on appeal. Rule 8009 governs the contents of a record on appeal, and Rule 8009(e)(1) which requires the Bankruptcy Court to resolve disputes in this regard provides:

> (e) Correcting or Modifying the Record.
>
> (1) *Differences About Accuracy; Improper Designations.* If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

Rule 8009(a)(4) lists 10 items that must be included in the record on appeal. Among other things, that record must include "items designated by the parties." Rule 8009 – just like its predecessor Rule 8006 – contains no express guidelines as to how disputes over designation of record on appeal should be resolved. Case law, however, has articulated certain parameters. In *Digerati Technologies,* the bankruptcy court applied a 4-step approach to resolve a dispute over record designation. *In re Digerati Techs.,* 531 B.R. at 663. Under that approach, an item could be designated if: (1) the item was "actually admitted into the trial record;" (2) if not admitted, the item was "considered" by the court; (3) if the Court did not consider the item, good cause existed for the appellant's failure to present the item to the Court; and (4) if good cause did not exist, the item's exclusion would prejudice the appeal. In sum, Rule 8009 allows an appellant to designate as part of the record on appeal items the bankruptcy court was asked to consider (regardless of

whether those items were admitted into evidence). With respect to items filed in related cases or adversary proceedings, such items must have been presented for the bankruptcy court's consideration in reaching the appealed decision. "Critically, the Court must ensure that the record designated 'accurately discloses what occurred in the bankruptcy court.'" Fed. R. Bankr. P. 8009(e)(1); *In re Imperial Petroleum Recovery Corp.,* 2022 WL 90607, at *2 (Bankr. S.D. Tex. 2022). In sum, Rule 8009 allows an appellant to designate as part of the record on appeal items the bankruptcy court considered in reaching the appealed decision.

**C. Items Admitted or Offered Into Evidence at Trial But Not Identified in the Designation of the Record.**

What the Court considers the most serious issue in Terry's challenge to the designation of the record is her request to have the Court strike the parenthetical statement in the Designation of the Record that "all designations are inclusive of exhibits thereto" to the extent that phrase purports to designate exhibits admitted or offered at trial which are not expressly designated. In short, what Terry attempts to do is to exclude from the record all trial exhibits, admitted or excluded. This, the Court will not do. It's not even a close call. As stated in *In re Blasingame*, 559 B.R. 692, 701 (BAP 6th Cir. 2016):

> When considering motions to strike designated items for the record on appeal, bankruptcy courts should be mindful that they should only strike documents that were not filed in the case, have no bearing on the appeal, or contain evidence which was not admitted at trial. When in doubt, it is better to err on the side of caution, include the items, and allow the appellate court to determine the relevance of the designated items.

The documents (exhibits) which Terry seeks to exclude clearly meet all three of the criteria

for not being stricken from the record, i.e. documents filed in the case, bearing on the case, and containing evidence which was admitted at trial.

SEPH has designated for appeal complete transcripts of the trial held on July 18, 19 and 20, 2023 [Docs. 240, 241 and 242, respectively]. The Court has reviewed the entire 474 pages of the trial transcripts[7] which reveals that the following numbered exhibits[8] were admitted by the Court: (A) Joint Exhibits 1, 2, 3, 4, and judicial notice taken of joint Exhibit 6; (B) SEPH Exhibits 2, 5 (first 5 pages only), 7, 8, 9, 10, 14, 53, 54, 55, 56, 69, 70, 74, 77, 78, 82, 83, 86,109, judicial notice was taken of Exhibits 49, 59 and 60; (C) Stewart Exhibits 7, 17, 18 and judicial notice taken of Exhibit 2. All of these exhibits admitted by the Court, most without objection from the opposing party, carried some probative value, and were considered by the Court in making its decision. Those exhibits were identified by number and delivered to the Court Clerk upon completion of the trial.[9] For this Court to exclude from the record on appeal all of the trial exhibits which this Court has previously admitted would be a grievous injustice and certainly deny the appellate court a full picture of what occurred in the trial below.

SEPH's omission of designating the trial exhibits by name and number is clearly not fatal. Rule 8009(e)(2)(B) concerning erroneous or accidental omissions of a material item

---

[7] The transcripts are only of the three days of live testimony taken by the Court. It does not include the hundred or so pages of designated deposition testimony of 8 witnesses which were admitted by agreement of the parties.

[8] Exhibit numbers correspond to the Exhibit numbers listed by SEPH and Terry in the *Final Pretrial Order* [Doc. 228]. The Court's identification of which exhibits were admitted at trial was not the Herculean test which Terry infers that it was.

[9] A copy of the Cover Sheet identifying all exhibits admitted at trial was delivered to the court clerk immediately upon conclusion of the trial along with the exhibits themselves. The Cover Sheet identifying the exhibits is attached hereto as Exhibit A to this *Opinion and Order.*

provides as follows:

> (2) *Omissions and Misstatements.* If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected, and a supplemental record may be certified and sent:
>
> (A) on stipulation of the parties;
> (B) by the bankruptcy court before or after the record has been sent; or
> (C) by the court where the appeal is pending.

Terry acknowledges that SEPH did not act in bad faith in failing to adequately and individually designate the trial exhibits. She contends, however, that the failure to individually designate the trial exhibits was not an "omission, accident or error" falling within the scope of Rule 8009(e)(2)(B) because SEPH acknowledges that its decision to treat the exhibits as part of the trial transcript was an intentional drafting decision which it believed was "the only way to designate those exhibits."

The Court is mindful that "there is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction," *Bank of Marin v. England*, 385 U.S. 99, 103 (1966), and "technical considerations will not prevent substantial justice from being done." *Pepper v. Litton*, 308 U.S. 295, 305 (1939). The Court believes that in considering to exercise its power to exclude evidence, particularly when relevant, courts should generally err on the side of inclusion. The Court is not going to engage in a semantical debate as to whether SEPH's failure to individually designate the trial exhibits was an "error or omission" or an intentional decision. The bottom line is that these exhibits were admitted at trial, considered by the court in rendering its decision, and important matters to be considered by the appellate court.

This Court has "the discretionary power to order supplementation of the record on

appeal." *In re GHR Energy Corp.*, 791 F.2d 1200, 1202 (5th Cir. 1986). Exercising that discretion, the Court denies Terry's motion to strike SEPH's trial exhibits and grants SEPH's *Amended Conditional Motion for Leave to File Amended Designation of Record on Appeal* [Doc. 291] to permit the designation to include, by exhibit number and description, exhibits admitted at the trial held on July 18, 19 and 20, 2023.

**D. Striking Matters Designated by SEPH Which Terry Asserts Do Not Bear Upon Any Issue on Appeal.**

As discussed above, Terry's first argument is that the trial exhibits were not properly designated and thus should be excluded from the appellate record. Court has rejected that argument and held that the exhibits should be added to the designation. The second prong of Terry's argument is that SEPH designated too many, and irrelevant, items. The over-inclusion of designated items is covered by Rule 8009(e)(1) which provides that "[i]f an item has been improperly designated as part of the record on appeal, a party may move to strike that item." Fed. R. Bankr. P. 8009(e)(1).

Terry argues that none of the items to which she objects were offered or admitted at trial and none bear upon the three discrete issues of discharge tried by the court. Terry does not object to certain pleadings which she deems relevant although not admitted as trial exhibits. For example, she acknowledges that such pleadings as SEPH's *Second Amended Complaint*, the *Final Pretrial Order*, written closing arguments, the *Opinion and Order upon Cross Motions for Summary Judgment*, and the *Opinion and Order granting Discharge* are relevant and should be included. In response, SEPH argues that there is no prejudice to Terry by "over-inclusion" of the record, and "when in doubt, it is better to err on the side of caution, include the items, and allow the appellate court to determine the

relevance of the designated items." *Blasingame*, 559 B.R. at 701 (*citing In re Saco Local Dev. Corp.*, 13 B.R. 226, 228-29 (Bankr. D. Me. 1981)).

The documents designated by SEPH are well in excess of 5,000 pages. The Court notes that narrowing the record promotes sound and efficient judicial administration by relieving the appellate court of the burden of resolving frivolous or overzealous counsel at the very outset of an appeal, and relieve the bankruptcy clerk from the burden of assembling and transmitting the unnecessary records to the appellate court. That is a consideration here. The Court recognizes that SEPH is not arguing that the entire docket sheet of pleadings be designated. It believes, however, SEPH's interpretation of the law too broad. Similarly, the Court finds that Terry's interpretation may be too narrow.

The Court believes that the proper standard for designation of the record on appeal should not simply include documents that have been filed, but rather is narrower in scope, and should comprise only those items which the Court was asked to consider (regardless of whether the item was actually considered) or those items which the Court did in fact consider. As stated in *Carmichael v. Balke (In re Imperial Petroleum Recovery Corp.)*, 2022 WL 90607, at *3 (Bankr. S.D. Tex. 2022): "[Appellant's] must establish that the disputed items were presented to the Court for consideration, or that good cause exists for the item's inclusion in the appellate record." Conversely, "[a]n item that was not considered by the trial court in reaching its decision should be stricken from the record on appeal." *In re Nat'l Century Fin, Enters Inc.*, 334 B.R. 907, 917 (Bankr. S.D. Ohio 2005) (quoting *In re Value-Added Commc'ns Inc.*, 224 B.R. 354, 357 (N.D. Tex. 1998). This Court is in the best position to know what was before it and what it considered in making its ruling.

Having thoroughly reviewed every item in the Appellant's Designation of the Record the Court finds the following as to whether the items should be **Included** (to include exhibits thereto) or **Stricken**:

| Docket No. | Date Filed | Title or Description |
|---|---|---|
| 1 **Stricken** | 8/26/2016 | Complaint by SE Property Holdings, LLC against David A Stewart, Terry P Stewart **Pleading Superseded** |
| 7 **Stricken** | 10/31/2016 | Answer to Complaint **Pleading Superseded** |
| 14 **Stricken** | 06/30/2017 | Amended Complaint **Pleading Superseded** |
| 21 **Stricken** | 08/24/2017 | Motion to Dismiss Action **Pleading Superseded** |
| 23 **Stricken** | 09/07/2017 | Objection to Motion to Dismiss Action **Pleading Superseded** |
| 24 **Stricken** | 11/22/2017 | Order Granting in Part, Denying in Part Motion to Dismiss Action **Pleading Superseded** |
| 27 **Stricken** | 12/11/2017 | Answer to (Amended) Complaint **Pleading Superseded** |
| 41 **Stricken** | 08/19/2020 | Motion to Permit Attorney to Withdraw as Attorney of Record filed by Ruston C. Welch **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 44 **Stricken** | 08/25/2020 | Brief/Memorandum in Support, Memorandum of Facts from Evidence Previously Admitted by the Court **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 45 **Stricken** | 08/25/2020 | Brief/Memorandum in Support, SEPH's Memorandum of Facts from Documents and Testimony Not Yet Admitted into Evidence **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 52 **Stricken** | 09/02/2020 | Response to Motion to Withdraw as Attorney **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |

| | | |
|---|---|---|
| 55 **Stricken** | 09/17/2020 | Transcript and recording of telephonic hearing held on 09/l7/2020 and will attempt 8 Transcript Concerning Welch Motion to Withdraw as Counsel; **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 59 **Stricken** | 09/28/2020 | Order Granting Motion to Permit Attorney Ruston Welch Withdraw as Attorney of Record **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 69 **Stricken** | 12/09/2020 | Initial Disclosures **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 71 **Stricken** | 12/09/2020 | Motion to File an Amended Complaint **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 73 **Stricken** | 12/10/2020 | Initial Disclosures **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 74 | 01/07/2021 | Order Granting Motion to File an Amended Complaint |
| 76 | 01/12/2021 | Second Amended Complaint Objecting to Discharge |
| 82 | 01/26/2021 | Amended Answer to Amended Complaint |
| 83 **Stricken** | 02/03/2021 | Transcript of hearing held 06/25/2020 **Transcript of Scheduling Conference; Not Considered at Trial** |
| 109 **Stricken** | 04/30/2021 | Motion to Extend Time to Conduct Discovery for SEPH Only **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |
| 127 **Stricken** | 05/28/2021 | Motion for Summary Judgment with Brief in Support, With Notice and Opportunity for Hearing **Not Considered at Trial; (Motion is 1764 pages)** |
| 128 **Stricken** | 05/28/2021 | Motion to Dismiss Adversary Proceeding or Strike Certain Allegations with Brief in Support **Irrelevant; Not an Issue on Appeal; Not Considered at Trial.** |

| | | |
|---|---|---|
| 129 **Stricken** | 05/28/2021 | Motion for Summary Judgment with Brief in Support with Notice and Opportunity for Hearing; **Irrelevant; Not Considered at Trial; (Motion is 1792 pages)** |
| 133 **Stricken** | 06/03/2021 | Transcript and recording of hearing held on 06/03/2021 **Hearing on Discovery Issues; Irrelevant Not Considered at Trial; (Transcript of hearing actually filed on 8/25/2026 as Doc. 285)** |
| 144 **Stricken** | 06/10/2021 | Order Granting in Part, Denying in Part, Motion to Extend Time to/for Discovery for SEPH Only **Discovery Order; Irrelevant; Not Considered at Trial** |
| 145 **Stricken** | 06/11/2021 | Response to Motion to Dismiss Adversary Proceeding **Irrelevant; SEPH's Response to Motion to Dismiss Time-Barred Claims [Doc. 128]; Not Considered at Trial** |
| 146 **Stricken** | 06/11/2021 | Response to (David Stewart's) Motion for Summary Judgment **Not Considered at Trial; Motion for Summary Judgment Not Issue on Appeal** |
| 147 **Stricken** | 06/11/2021 | Response to (Terry Stewart's) Motion for Summary Judgment **Not Considered at Trial; Motion for Summary Judgment Not Issue on Appeal** |
| 148 **Stricken** | 06/11/2021 | Response to (SEPH's) Motion for Summary Judgment **Not Considered at Trial; Motion for Summary Judgment Not Issue on Appeal** |
| 149 **Stricken** | 06/11/2021 | Response to (SEPH's) Motion for Partial Summary Judgment and Brief in Support **Not Considered at Trial; Motion for Summary Judgment Not Issue on Appeal** |
| 156 **Stricken** | 06/25/2021 | Reply to (149) Response **Not Considered at Trial; Motion for Summary Judgment Not Issue on Appeal** |
| 157 **Stricken** | 06/25/2021 | Reply to (146) Response **Not Considered at Trial; Motion for Summary Judgment Not an Issue on Appeal** |

| | | |
|---|---|---|
| 158 **Stricken** | 06/25/2021 | Reply to (148) Response **Not Considered at Trial; Motion for Summary Judgment Not an Issue on Appeal** |
| 164 **Stricken** | 06/28/2021 | Amended Reply **Not Considered at Trial; Motion for Summary Judgment Not an Issue on Appeal** |
| 165 **Stricken** | 06/29/2021 | Amended Reply (to 147 Response) **Not Considered at Trial; Motion for Summary Judgment Not an Issue on Appeal** |
| 168 **Stricken** | 07/02/2021 | Motion to Strike Document with Brief in Support, with Notice and Opportunity for Hearing **Irrelevant; Evidentiary Challenge by Terry to SEPH's Expert Witness; Resolved in Favor of SEPH; Witness Testimony Allowed at Trial; Not Issue on Appeal** |
| 171 **Stricken** | 07/09/2021 | Response to (160 Motion to Strike) **Irrelevant; Not Involving any Trial Issues or on Appeal** |
| 175 **Stricken** | 07/16/2021 | Response to (168 Motion to Strike) **Irrelevant; Evidentiary Challenge by Terry to SEPH's Expert Witness; Resolved in Favor of SEPH; Witness Testimony Allowed at Trial; Not Issue on Appeal** |
| 177 **Stricken** | 07/19/2021 | Motion for Leave to Supplement the Summary Judgment Record with Notice and Opportunity for Hearing **Irrelevant; Evidentiary Challenge by Terry to SEPH's Expert Witness; Resolved in Favor of SEPH; Witness Testimony Allowed at Trial; Not Issue on Appeal** |
| 178 **Stricken** | 07/22/2021 | Response to (177 Motion for Leave) **Irrelevant; Evidentiary Challenge by Terry to SEPH's Expert Witness; Resolved in Favor of SEPH; Witness Testimony Allowed at Trial; Not Issue on Appeal** |
| 179 **Stricken** | 07/30/2021 | Supplemental Response to (127 Motion for Summary Judgment) **Irrelevant; This Pleading Relates to Motion for Summary Judgment Involving Alter ego Against David Stewart; Not Considered at Trial; Not Issue on Appeal** |

| | | |
|---|---|---|
| 180 **Stricken** | 07/30/2021 | Supplemental Response to (127 Motion for Summary Judgment) **Irrelevant; This Pleading Relates to Motion for Summary Judgment Involving Alter ego Against David Stewart; Not Considered at Trial; Not Issue on Appeal** |
| 189 **Stricken** | 11/29/2021 | Transcript of hearing held on 06/03/2021 **Irrelevant; This Docket Entry is Merely an Order For Transcript of Hearing Conducted on 6/03/2021** |
| 191 **Stricken** | 12/03/2021 | Transcript of hearing held on 06/03/2021 **Irrelevant; Not Considered at Trial; Pertaining to Discovery Matters, Attorney Fees; No Issue on Appeal** |
| 198 **Stricken** | 03/14/2022 | Memorandum Opinion **Irrelevant; Issue of SEPH's Amended Claims Being Timely Brought or, if not, Could Relate-Back to Prior Filings; Not Issue on Appeal** |
| 200 | 08/03/2022 | Opinion and Order Upon Cross-Motions for Summary Judgment |
| 201 | 08/03/2022 | Order On Motion to Strike Expert Report and Motion for Leave to Supplement the Summary Judgment Record |
| 204 | 08/22/2022 | Judgment for SE Property Holdings, LLC Against Defendant David A. Stewart |
| 209 | 09/22/2022 | Order Granting Motion to Clarify Judgment |
| 228 | 07/10/2023 | Final Pre-Trial Order Signed by Judge Loyd |
| 229 **Stricken** | 07/11/2023 | Transcript and recording of hearing held on 07/11/2023 **This is Court Minute Entry Showing a Video Pretrial Conference was held and concluded** |
| 231 **Stricken** | 07/18/2023 | Transcript of hearing/trial held on 07/18/2023 **This is Court Minute Entry Showing Trial was conducted and continued to July 19, 2026** |
| 232 **Stricken** | 07/19/2023 | Transcript of hearing/trial held on 07/19/2023 **This is Court Minute Entry Showing Trial was conducted and continued to July 20, 2026** |

| | | |
|---|---|---|
| 233 **Stricken** | 07/20/2023 | Transcript of hearing/trial held on 07/20/2023 **This is Court Minute Entry Showing Trial was conducted and continued pending submission of designated deposition testimony** |
| 235 **Stricken** | 07/25/2023 | Transcript of hearing/trial held on 07/18/2023-07/20-2023 **This is a Court Note indicating the Preparation of a transcript has been assigned to a Court Reporter** |
| 236 | 07/27/2023 | Motion in Limine to Exclude Expert Testimony and Report, with Brief in Support |
| 238 | 08/11/2023 | Response to (236 Motion in Limine) |
| 239 | 08/17/2023 | Reply (re 236 Motion in Limine) |
| 240 | 08/18/2023 | Transcript of hearing held on 07/18/2023 |
| 241 | 08/18/2023 | Transcript of hearing held on 07/19/2023 |
| 242 | 08/18/2023 | Transcript of hearing held on 07/20/2023 |
| 249 | 08/22/2023 | Motion for Leave to File Reply, Motion for Leave to File Sur-Reply with Brief in Support |
| 253 | 09/05/2023 | Objection to (249 Motion for Leave) |
| 254 | 09/18/2023 | Closing Argument, Written Closing Statement (SEPH) |
| 255 | 09/18/2023 | Closing Argument (Terry Stewart) |
| 256 | 10/03/2023 | Memorandum Opinion and Order Denying Motion to File Sur-Reply |
| 258 | 10/05/2023 | Memorandum Opinion and Order Denying Motion in Limine |
| 263, 264 | 02/06/2024 | Amended Transcript of hearing held on 07/20/2023 |
| 267 | 07/02/2026 | Opinion and Order Granting Discharge |
| 269 | 07/08/2026 | Corrected Judgment |

Creditor/Appellant SE Property Holdings, LLC ("SEPH") hereby designates the following items from Bankruptcy Petition #15-12215 to be included in the record on appeal (please note - all designations are inclusive of exhibits thereto):

| Docket No. | Date Filed | Title or Description |
|---|---|---|
| 1 | 9/30/2014 | Chapter 7 Involuntary Petition Re: David A. Stewart<br>Filed by Petitioning Creditor(s): SE Property Holdings, LLC (attorney Richard M. Gaal). |

| | | |
|---|---|---|
| 52 **Stricken** | 02/24/2015 | Transcript of hearing held on 2/23/2015 **This is Minute Entry Only for Hearing on the Petition for Involuntary Bankruptcy Order for Relief** |
| 57 | 03/18/2015 | Opinion Denying Debtor's Motion to Dismiss Case and Ordering the entry of orders for relief |
| 89 | 05/01/2015 | Summary of Schedules, Schedules A-J, Cumulative Statement, Statement of Financial Affairs - David Stewart |
| 115 | 06/12/2015 | Order Granting Motion to Change Venue to Western District of Oklahoma |
| 137 | 07/21/2015 | Order Regarding Order for Joint Administration |
| 143 | 07/31/2015 | Motion for Examination of Debtors David A. Stewart and Terry P. Stewart under Rule 2004 |
| 158 | 08/18/2015 | Motion for Examination of Trustee and Settlor of Red Britt Trust Under Rule 2004 with Brief in Support and Notice and Opportunity for Hearing |
| 160 | 08/20/2015 | Objection to (89 Summary of Schedules) |
| 175 | 08/31/2015 | Notice of Subpoena to Produce and Permit Inspection and Copying of Documents |
| 183 | 09/09/2015 | Notice of Witness/Exhibit List and Request for Prehearing Conference |
| 195 | 09/29/2015 | Amended Schedules A, B, C, D, E, F, G, H, Summary of Schedules, Statistical Summary of Schedules and Cover Sheet (David Stewart) |
| 196 | 09/29/2015 | Amended Statement of Financial Affairs |
| 197 | 09/29/2015 | Amended Schedules A, B, C, D, E, F, G, H, Summary of Schedules, Statistical Summary of Schedules, Cover Sheet (Terry Stewart) |
| 198 | 09/29/2015 | Amended Statement of Financial Affairs |
| 214 | 11/03/2015 | Motion to Abandon All LLC membership interests in Raven Resources, LLC, Oklamiss Investments LLC and Shimmering Sands Development Co. LLC, with Notice and Opportunity for Hearing |
| 221 | 11/17/2015 | Objection to (214 Motion to Abandon) |
| 241 **Stricken** | 12/30/2015 | Transcript of Hearing held on 12/9/2015 **Irrelevant; Hearing on Debtor's Motion to Abandon Property; Not considered at trial; Not issue on Appeal** |

| | | |
|---|---|---|
| 243 **Stricken** | 12/30/2015 | Transcript of Hearing held on 12/10/2015 **Irrelevant; Hearing on Debtor's Motion to Abandon Property; Not considered at trial; Not issue on Appeal** |
| 248 | 01/05/2016 | Adversary Case 16-01002 Complaint |
| 261 | 01/29/2016 | Motion for Examination of Dan Neal under Rule 2004 |
| 262 | 01/29/2016 | Motion for Examination of Dennis Lakely of Collins, Butler & Co. PC under Rule 2004 |
| 263 | 01/29/2016 | Motion for Examination of Linda McGuire under Rule 2004 |
| 264 | 01/29/2016 | Motion for Examination of Stephen Elliot and Elizabeth Brown of Phillips Murrah under Rule 2004 |
| 268 **Stricken** | 02/03/2016 | Transcript of hearing held on 1/19/16 **Irrelevant; Hearing on Debtor's Motion to Abandon Property; Not considered at trial; Not issue on Appeal** |
| 270 **Stricken** | 02/03/2016 | Transcript of hearing held on 1/20/16 **See Entries 241 243, 268 Above** |
| 279 | 02/17/2016 | Reply to (261 Motion for Examination) |
| 296 | 03/15/2016 | Order Granting (261) Motion for Examination under Rule 2004 |
| 297 | 03/15/2016 | Order Granting (262) Motion for Examination |
| 298 | 03/15/2016 | Order Granting (263) Motion for Examination under Rule 2004 |
| 301 | 03/16/2016 | Order Granting Motion for (264) Motion for Examination |
| 328 | 04/13/2016 | Order Denying Motion to Abandon (re 214) |
| 353 **Stricken** | 04/21/2016 | Transcript of hearing held on 4/13/16 **See Entries 241, 243, 268, 270 Above** |
| 382 | 12/27/2016 | Amended Complaint |
| 400 | 03/30/2017 | Moton to Set Hearing/Scheduling Conference on SEPH's Objections to Debtor's Claimed Exemptions |
| 401 | 04/04/2017 | Amended Schedules A/B with Declaration of R. Welch |
| 402 | 04/14/2017 | Amended Schedules A/B with Declaration of R. Welch |
| 403 | 04/14/2017 | Amended Schedules A/B with Declaration of R Welch |
| 406 | 05/04/2017 | Order Granting Motion to Set Scheduling Conference / Hearing (re: 400) |

| | | |
|---|---|---|
| 412 **Stricken** | 05/31/2017 | Virtual Minutes of Hearing held on 05/31/2017 **Irrelevant; Scheduling Conference Continued Pending Motion to Compromise; Not considered at trial; Not issue on Appeal** |
| 449 | 08/24/2017 | Motion for Leave to File Summary Judgment on Objections to Debtors' Claimed Exemptions |
| 466 **Stricken** | 09/27/2017 | Transcript of hearing held on 08/28/17 **Irrelevant; Hearing on Motion to Compromise and Settlement Agreement; No Bearing Upon Discharge Adversaries; Not considered at trial; Not issue on Appeal** |
| 481 | 10/05/2017 | Order Denying Motion Without Prejudice for Leave to File Motion for Summary Judgment |
| between 919-920 **Stricken** | 03/25/2022 | Transcript and/or audio file of hearing held on 5-31-17 (re: docket #412) **See Entry for 412, Above; This Relates to Same Irrelevant Hearing** |

Based upon the Findings of Fact and Conclusions of Law stated above,

**IT IS ORDERED** *that Defendant/Appellee Terry P. Stewart's Motion to Strike Portions of Appellant's Designation of Record on Appeal, or in the Alternative, Motion to Limit the Record on Appeal* [Doc. 284] **is Granted in Part and Denied in Part,** and that the following Docket Numbers correlating to docket entries in the adversary proceeding [Case number 16-1087] should be stricken as having not been considered by the Court in determining whether Terry was entitled to a discharge:

1, 7, 14, 21, 23, 24, 27, 41, 44, 45, 52, 55, 59, 69, 71, 73, 83, 109, 127, 128, 129, 133, 144, 145, 146, 147, 148, 149, 156, 157, 158, 164, 165, 168, 171, 175, 177, 178, 179, 180, 189, 191, 198, 229, 231, 232, 233, 235.

As to items designated by Appellant from the lead case [Case No. 15-12215], the Court finds the following docket entries should be stricken from the record on appeal:

52, 241, 243, 268, 270, 353, 412, 466, 919-920.

**IT IS FURTHER ORDERED** that the *Defendant/Appellee Terry P. Stewart's Motion to Strike Portions of Appellant's Designation of Record on Appeal, or in the Alternative, Motion to Limit the Record on Appeal* [Doc. 284] is **DENIED** insofar as it seeks to strike

from the designation of the record any and all trial exhibits admitted at the trial conducted on July 18, 19 and 20, 2023, all as more particularly shown on Exhibit A to this *Opinion and Order*.

**IT IS FURTHER ORDERED** that *SEPH's Amended Conditional Motion for Leave to File Amended Designation of Record on Appeal* [Doc. 291] is **GRANTED**, to permit the supplemental designation to include, by exhibit number and description, exhibits admitted at the trial held on July 18, 19 and 20, 2023.

# # #